# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| RUSSELL DELEVIE, : | |
| Petitioner, : | |
| v. : | Case No. 4:12-CR-15-CDL-MSH |
| : | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, : | |
| Respondent. : | |

## **ORDER AND REPORT AND RECOMMENDATION**

Presently pending before the Court is Petitioner's second motion to vacate his sentence under 28 U.S.C. § 2255 (ECF No. 66) and Respondent's motion to dismiss (ECF No. 79). For the reasons stated below, it is recommended that Respondent's motion be granted and Petitioner's motion to vacate be dismissed.

## **BACKGROUND**

On February 12, 2013, Petitioner pled guilty to possession of a firearm by a convicted felon. Plea Agreement 3, ECF No. 25. Petitioner had prior felony convictions—two separate burglaries in 1997, and terroristic threats and stalking in 2008—that made him an "armed career criminal." *See* Final Presentence Investigation Report ("PSR") 8, 9, ECF No. 34. As such, Petitioner's sentence was enhanced in accordance with the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(2)(B). On August 30, 2013, Petitioner was sentenced to 188 months imprisonment and 60 months supervised release.

Judgement 2, ECF No. 38.  Petitioner waived his right to a direct appeal.  Plea Agreement 4.

On June 9, 2014, Petitioner filed his first motion to vacate his sentence.[1]  (ECF No. 44.)  This Court denied that motion on January 5, 2015.  (ECF No. 51.)  On June 13, 2016, the Eleventh Circuit Court of Appeals granted Petitioner's application to file a second or successive § 2255 motion.  (ECF No. 64.)  It reasoned that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), "[t]he continued applicability of [Petitioner's] convictions for Georgia burglary as predicates under the ACCA is an open question[.]"  11th Cir. R. 5, ECF No. 64.

Through counsel, Petitioner filed his second motion to vacate on June 25, 2016.  (ECF No. 66.)  Petitioner asserted that because his "Georgia burglary convictions do not qualify as valid predicate convictions for 18 U.S.C. 924(e), he should not have been adjudged an enhanced sentence under the [ACCA]."  Second Mot. to Vacate 5, ECF No. 66.  This Court stayed all filings pending the Eleventh Circuit's decisions in *United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016) and *United States v. Heard*, 677 F. App'x 636 (11th Cir. 2017).  After the Eleventh Circuit issued its decisions in those cases, Respondent moved to dismiss Petitioner's second motion on April 26, 2017.  Mot. to Dismiss 5, ECF No. 79.

---

[1] Under the "mailbox rule," filings made by *pro se* prisoner litigants are considered filed on the date they are delivered to prison authorities for mailing.  *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

# DISCUSSION

## I. Respondent's Motion to Dismiss

Respondent contends that Petitioner's motion to vacate should be dismissed because Petitioner "no longer has a cognizable claim concerning his prior Georgia burglary convictions following the Eleventh Circuit's decisions in *Gundy* and *Heard*." Mot. to Dismiss 5. Respondent also asserts that Petitioner's new claims are time-barred as they do not relate back to the claim asserted in his motion to vacate, and, alternatively, that Petitioner has not demonstrated these convictions rested on the ACCA's residual clause. Resp't's Resp. 6, ECF No. 85. Petitioner responds he is entitled to relief because—even if his burglary convictions remain violent felonies under the ACCA—his other conviction of aggravated stalking and terroristic threats should not be considered a predicate offense. Pet.'s Resp. 3, ECF No. 84. Because Petitioner has failed to show his burglary or aggravated stalking and terroristic threats convictions were enhanced under the ACCA's residual clause, Respondent's motion to dismiss should be granted.

## II. Legal Standards

### A. § 2255(h)

The Court of Appeals may authorize a second or successive motion to vacate so long as a petitioner asserts a claim of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

3

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a *prima facie* showing that the application satisfies the requirements of this subsection." 28 U.S.C. 2244(b)(3)(C) (emphasis added). If a petitioner satisfies this threshold, then "the district court not only can, but must, determine for itself whether those requirements are met." *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357 (11th Cir. 2007); *see* § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless applicant shows that the claim satisfies the requirements of this section."). In making its determination, a district court need not defer to the appellate court's findings, but must "decide the [§ 2255(h)] issues fresh, or in the legal vernacular, *de novo*." *Jordan*, 485 F.3d at 1358 (emphasis in original). "Should the district court conclude that [a petitioner] has established the statutory requirements . . . it shall proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise." *In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013). Accordingly, this Court must first determine whether Petitioner's claims assert either "newly discovered evidence," or "a new rule of constitutional law, made retroactive[.]" § 2255(h)(1)-(2).

B. The ACCA

When a defendant is convicted under 18 U.S.C. § 922(g), they may be subject to a fifteen-year mandatory minimum prison sentence if they "[have] three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on

4

occasions different from one another[.]" 18 U.S.C. § 924(e)(1). Congress defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

§ 924(e)(2)(B). The first part of this definition is commonly known as the "elements clause." *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). The second part—subsection (ii)—contains the "enumerated crimes" clause and the "residual clause." *Id*. On June 26, 2015, the Supreme Court of the United States found the residual clause to be unconstitutionally vague and that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). The Supreme Court later declared *Johnson* to be "a substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

The Supreme Court of the United States has also examined the "enumerated crimes" clause and the process used to determine predicate convictions under that portion of the ACCA. "To determine whether a past conviction is for one of those crimes, courts use what has become known as the categorical approach: They compare the elements of the statute forming the basis of the defendant's conviction with the elements of the generic crime—*i.e.*, the offense as commonly understood. The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Descamps v. United States*, 570 U.S. 254, 257 (2013) (internal

quotations omitted). When the relevant prior conviction is under a "divisible statute"—*i.e.*, one listing "elements of the offense in the alternative"—courts have implemented the modified categorical approach. *Id*. This "permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id*. Then, the sentencing court can apply the categorical approach.

In *Descamps*, the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Descamps*, 570 U.S. at 258. As this decision interpreted the ACCA, it was not a "new rule of constitutional law." § 2255(h)(2); *see also In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016) ("We have held that a Supreme Court has not announced a new rule of constitutional law when it has merely interpreted an existing statute . . . In *Descamps*, the Court merely provided guidance to courts in interpreting an existing criminal statute.") (citation omitted). The Supreme Court later clarified its *Descamps* decision and held that a court shall only apply the ACCA's modified categorical approach "to determine 'which *element[s]* played a part in the defendant's conviction.'" *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016) (quoting *Descamps*, 570 U.S. at 260) (emphasis in original).

While *Johnson*, *Descamps*, and *Mathis* all focus on what constitutes a predicate offense under the ACCA, a petitioner asserting a § 2255 claim regarding ACCA enhancement may only do so through *Johnson*, as neither *Descamps* nor *Mathis* state "a new rule of constitutional law[.]" *See* § 2255(h)(2). Furthermore, "it is not enough for a

6

federal prisoner to simply identify *Johnson* as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, but [they] also must show that he falls within the scope of the new substantive rule announced in *Johnson*." *Thomas*, 823 F.3d at 1348. Therefore, a petitioner may not use a *Johnson* claim as a basis for asserting a *Descamps* claim. *See In re Hires*, 825 F.3d 1297, 1303 (11th Cir. 2016) ("*Johnson* does not serve as a portal to assert a *Descamps* claim[.]").

### III. Petitioner's Claims

#### A. Burglary Convictions

Petitioner asserts that under *Johnson*, the enhancement of his sentence as a result of his previous burglary convictions was unconstitutional because it relied on the ACCA's residual clause. *See* Second Mot. to Vacate 3; *Johnson*, 135 S. Ct. 2551 (2015). The Eleventh Circuit noted in granting Petitioner's application, "[w]hether [Petitioner] can make the required *prima facie* showing turns on whether his burglary convictions qualify as ACCA predicates without the residual clause[.]" 11th Cir. R. 5. It also stated that "[t]he continued applicability of [Petitioner's] convictions for Georgia burglary as predicates under the ACCA is an open question[.]" *Id.* This is no longer the case.

In *Gundy*, the Eleventh Circuit determined that Georgia's "burglary statute has multiple locational elements effectively creating several different crimes." *Gundy*, 842 F.3d at 1167. When charging a defendant with the crime, "a prosecutor must select, identify, and charge the specific place or location that was burgled." *Id.* "That the Georgia prosecutor must select and identify the locational element of the place burgled—whether the place burgled was a dwelling, building, railroad car, vehicle, or watercraft—is the

7

hallmark of a divisible statute." *Id.*; *see also Descamps*, 133 S. Ct. at 2290 ("A prosecutor charging a violation of a divisible statute must generally select the relevant element from the list of alternatives."). As such, the Eleventh Circuit held that "prior Georgia burglary convictions qualify as violent felonies under the ACCA's enumerated crimes clause." *Gundy*, 842 F.3d at 1169. This decision was affirmed just three months later. *See Heard*, 677 F. App'x at 636 ("[I]n *Gundy*, we concluded that the defendant's burglary convictions involved these three elements: (1) an unlawful entry (2) into a dwelling house or building (3) with intent to commit a crime therein . . . We held that [t]hese elements substantially conform to the generic definition of burglary.") (citation omitted).

Nevertheless, this clarity over Georgia's burglary statute does not answer the question of whether Petitioner's sentence was enhanced only under the residual clause. *See Beeman v. United States*, 871 F.3d 1215, 1224 n.5 (11th Cir. 2017) ("[E]ven if such precedent had been announced since Beeman's sentencing hearing, it would not answer the question before us. What we must determine is a historical fact: was Beeman in 2009 sentenced solely per the residual clause?"). A petitioner asserting a *Johnson* claim "must establish that his sentence enhancement 'turn[ed] on the validity of the residual clause.' In other words, he must show that the clause actually adversely affected the sentence he received." *Beeman*, 871 F.3d at 1221 (quoting *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016)). To meet this burden, "the movant must show that—more likely than not—it was use of the residual clause that led to the sentencing court's enhancement of his sentence. If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has

8

failed to show that his enhancement was due to use of the residual clause." *Beeman*, 871 F.3d at 1222.

Petitioner may offer "different kinds of evidence . . . that a sentencing court actually relied on the residual clause." *Bivins v. United States*, 747 F. App'x 765, 769 (11th Cir. 2018). Such evidence may include "comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case. *Beeman*, 871 F.3d at 1224 n.4. A petitioner may also offer "statements in the PSR, which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply in other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others." *Id*. Furthermore, Petitioner may rely on "precedent at the time of sentencing 'holding, or otherwise making obvious,' that the prior conviction 'qualified as a violent felony only under the residual clause.'" *Bivens*, 747 F. App'x at 769 (citation omitted).

Here, Petitioner has not demonstrated his sentence was enhanced solely under the residual clause. Petitioner produced no documents evidencing this, and the final PSR does not establish which specific clause was relied upon. *See* Final PSR 8, 12. As the record is unclear, Petitioner has failed to meet his burden. *See Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001) ("Where, as here, the evidence does not clearly explain what happened . . . the party with the burden loses."). Therefore, Petitioner is not entitled to relief.

9

B. Aggravated Stalking and Terroristic Threats

Petitioner also argues that his conviction of aggravated stalking and terroristic threats is only considered under the residual clause of the ACCA. Pet.'s Ex. 1, at 5, ECF No. 83-1. Petitioner's claim is meritless. While Petitioner cites authorities demonstrating that aggravated stalking has been used as an enhancing conviction under the residual clause, he also cites case law demonstrating it may be relied on for enhancement under the elements clause. *See United States v. Spivey*, 437 F. App'x 764, 765-66 (11th Cir. 2011) ("The district court did not err when it ruled that Spivey's prior conviction of aggravated stalking is a crime of violence under the residual clause[.]"); *United States v. Esquivel-Arellano*, 208 F. App'x 758, 763 (11th Cir. 2006) ("At sentencing, the district court concluded that Georgia's crime of aggravated stalking has [as] an element the threated use of physical force[.]").[2] The only case Petitioner cites that clearly demonstrates an aggravated stalking statute can be a predicate conviction under the residual clause is *United States v. Johnson*, 707 F.3d 655 (6th Cir. 2013). As Petitioner correctly notes, the Sixth Circuit discussed Georgia's statute in determining if Kentucky's aggravated stalking statute qualifies under the residual clause. But, in doing so, that court merely mentioned how "the Georgia offense was broad enough to allow for conviction without the use,

---

[2] There, the Eleventh Circuit overturned the defendant's enhanced conviction because the "definition of 'harassing and intimidating' [within Georgia's aggravated stalking statute] is drafted broadly enough that a defendant can be convicted . . . with or without the use, attempted use or threatened use of physical force." *United States v. Esquivel-Arellano*, 208 F. App'x 758, 764 (11th Cir. 2006). That court goes on to make clear "whether an aggravated stalking conviction under Georgia's statute qualifies as a 'crime of violence' . . . depends on the facts of the case." *Id.* at 765. Notably, the Eleventh Circuit makes this determination through the elements clause, and never once discusses the Georgia statute under the residual clause.

attempted use, or threatened use of physical force[.]" *Johnson*, 707 F.3d at 661 (citing *Esquivel-Arellano*, 208 F. App'x at 764-65). The Sixth Circuit clearly reiterated that—depending on the facts of the case—Georgia's aggravated stalking statute may be an ACCA predicate conviction under the elements clause. *See Esquivel-Arellano*, 208 F. App'x at 765. Petitioner has not demonstrated "precedent at the time of sentencing 'holding, or otherwise making obvious,' that the prior conviction 'qualified as a violent felony only under the residual clause.'" *Bivens*, 747 F. App'x at 769 (citation omitted).

Furthermore, Petitioner also has not offered any evidence that the sentencing court enhanced his conviction solely under the residual clause. The final PSR does not clearly state which clause was used to enhance Petitioner's conviction. Petitioner has not presented any evidence that the sentencing court actually relied solely on the residual clause. *Id*.

Finally, Petitioner requests the Court to consider precedents holding that making terroristic threats is not a crime of violence. *See United States v. McFee*, 842 F.3d 572 (8th Cir. 2016); *United States v. Brown*, 765 F.3d 185 (3rd Cir. 2014); *United States v. Cook*, 2017 WL 2312874 (D. Neb. 2017); *Stewart v. United States*, 2017 WL 1407641 (M.D. Ga. 2017). Evidently, each case was decided after Petitioner was sentenced. Furthermore, most cases cited by Petitioner deal with a *Descamps* claim—not *Johnson*—and, as previously stated, one may not use *Johnson* to advance a *Descamps* claim. *See In re Hires*, 825 F.3d at 1303. Petitioner has not cited any precedent at the time of his February 2013 conviction that demonstrates a conviction of terroristic threats is only enhanced under the residual clause. Additionally, Petitioner has not produced any evidence that the sentencing

11

court relied on the residual clause, and the final PSR is silent as to its reasoning. Therefore, Petitioner has failed to show the enhancement under his terroristic threats conviction was under the residual clause.

**CERTIFICATE OF APPEALABILITY**

Rule 11(a) of Rules Governing Section 2255 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a court denies a collateral motion on the merits, this standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court denies a collateral motion on procedural grounds, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478 (2000). Petitioner cannot meet either of these standards and, therefore, a certificate of appealability in this case should be denied.

**CONCLUSION**

For the reasons explained above, Respondent's motion to dismiss (ECF No. 79) should be granted and Petitioner's second motion to vacate (ECF No. 66) should be

dismissed.[3] Additionally, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 26th day of June, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner has subsequently filed motions to disqualify counsel (ECF No. 81) and seeking new appoint counsel (ECF Nos. 81, 86). These motions are denied as moot due to the above recommendation. The outstanding motion for withdrawal (ECF No. 83) filed by Petitioner's counsel is granted.